Octavio DELGADO, Plaintiff–Appellee,

v.

Arthur JONES, Chief, Defendant–Appellant.

No. 03–3408.

United States Court of Appeals, Seventh Circuit.

Argued March 29, 2004.

Decided April 1, 2004.

William R. Rettko, Rettko Law Offices, Brookfield, WI, for Plaintiff–Appellee.

Jan A. Smokowicz, Milwaukee City Attorney's Office, Milwaukee, WI, for Defendant–Appellant.

Before CUDAHY, ROVNER, and DIANE P. WOOD, Circuit Judges.

## ORDER

This is the second time this case has been before this Court. The first time around we affirmed the district court's denial of the defendant's motion to dismiss based on qualified immunity. *See Delgado v. Jones,* 282 F.3d 511 (7th Cir.2002). Since that time, the parties have engaged in discovery and the defendant has moved for summary judgment, again based on qualified immunity. The district court denied the defendant's motion and this appeal followed. For the reasons discussed *infra,* we affirm the decision of the district court.

We have already essentially discussed and decided in our earlier opinion the issues which have been raised here. *Id.* In that opinion, we distinguished this case from *Gonzalez v. City of Chicago,* 239 F.3d 939 (7th Cir.2001). *Id.* at 519. Appellant argues that the "new" facts developed in discovery make this case indistinguishable from *Gonzalez.* However, as our earlier opinion demonstrates, *Gonzalez* is not applicable here.

Gonazlez's job was to do internal investigations. He did 50–100 internal investigations every month. He was retaliated against based on one of his internal investigations which was indistinguishable from every other investigation in which he was involved. In contrast, Delgado's job was not to do internal investigations. His job was to do routine narcotics investigations. Thus, Delgado's investigation here was not a routine discharge of an assigned duty as in *Gonzalez.* Jones argues otherwise, but it was Jones himself who said that Delgado should not have been investigating the matter in question.

■ The Appellant also argues that Delgado lacked any discretion regarding his communications because he was told specifically by his supervisor what to investi-

gate and memorialize. Delgado, however, exercised a great deal of discretion. First, he decided to bring the matter up with his supervisor in the first place, which was not the usual process. Second, he decided to show his supervisor the actual letter he had received instead of simply summing it up and omitting information in relation to Jones. Third, he recommended to his supervisor that an independent investigation be conducted. The fact that it was Delgado's superior rather than Delgado who ultimately brought the matter to the attention of Jones is of little relevance, given that it was Delgado who started the ball rolling, and the investigation was easily traced back to him.

■ Finally, the Appellant argues that we should decide as a matter of law that Delgado was not motivated, even in part, by public concern. The facts, as we must assume them to be at this stage of the litigation, suggest otherwise. Delgado was the one who initially suggested that the matter be reviewed by an independent, outside investigator. He was also willing to pursue the matter despite the fact that his supervisors suggested it might result in retaliation. His deposition testimony reflects his concern with the matter. Although he may have been unwilling to take more heroic measures, he undoubtedly hoped that the matter would be investigated.

For these reasons, we believe that no new evidence or argument presented by the Appellant would alter the holding of our earlier opinion in *Delgado I* as applied to this summary judgment. Therefore, we AFFIRM the district court's denial of defendant's motion for summary judgment.